[No. 3173, Feb. 2, 1927]

DWYER, v. SPRINGFIELD FIRE & MARINE INS. CO.

[255 Pac. 391]

### SYLLABUS BY THE COURT

Where an appellant has been in no way misled by the appellee, nor in any way prevented from obtaining an extension of time to perfect his appeal, there is no good cause shown authorizing us to vacate a judgment of affirmance obtained by appellee by reason of such default.

Appeal from District Court, Colfax County; Brice, Judge.

Action by D. G. Dwyer, receiver of the property and estate of Wadie S. Boutagy, against the Springfield Fire & Marine Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed. Motion to set aside judgment of affirmance denied.

E. W. Dobson, of Albuuqerque, and Geo. E. Remley, of Raton, for appelant.

Crampton & Darden, of Raton, for appellee.

[1] 4CJ p. 1247 n. 33.

OPINION OF THE COURT

PARKER, C. J.    On January 25, 1926, judgment was rendered in the district court. An appeal was granted March 18, 1926, and supersedeas bond was filed on March 22, 1926. The return day of the appeal was June 16, 1926. A skeleton transcript was filed by the appellee in this court on June 24, 1926, and a judgment of affirmance was here rendered on June 25, 1926.    On July 26, 1926, a motion to set aside the judgment was filed by the appellant. The basis    of the motion to set aside the judgment, as argued in the brief of the appellant, is that it was entitled to notice of the application to affirm, which was not had. Counsel relies upon the words "unless good cause be shown to the contrary," appearing in section 22, chapter 43, Laws 1917, which is the section providing for the affirmance by this court of judgments in cases where the appellant or plaintiff in error fails to perfect his appeal within the time required by the section. Counsel argues that the words above quoted imply that the appellant must have notice of the application to affirm, otherwise no opportunity to show cause against the affirmants is afforded.    However this may be, it is of no avail to appellant in this case.    Counsel for appellants allowed the matter to run from June 16th, which is the return day, to July 26th, and made no application for an extension of time within which to perfect the record on appeal. He was in no way misled by the opposite party, nor prevented from obtaining the proper extension of time.

It follows that the motion to set aside the judgment of affirmance must be denied, and it is so ordered.

BICKLEY and WATSON, JJ., concur.